SCHWARZ et al. v. HARRIS.

(District Court, D. Oregon.   December 29, 1913.)

No. 3,095.

1. INTEREST (§ 39*)—JUDGMENT—SET-OFF—INTEREST-BEARING CLAIM.
    Where defendant sought to set off a noninterest-bearing demand against one which clearly bore interest from the date judgment was entered, defendant was not entitled to object that plaintiffs were allowed interest on their judgment from its date, while defendant was only allowed a set-off without interest.
    [Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 83–89; Dec. Dig. § 39.*]

2. INTEREST (§ 50*)—EFFECT OF TENDER.
    Where defendant's answer pleaded a set-off and declared his willingness to pay the difference that existed between the amount of plaintiffs' judgment and defendant's claim, but whether there should be a set-off was a question which was not determined until the case was finally disposed of, and a tender alleged in the answer was not proved, and there was no tender of money into court, plaintiffs were properly allowed interest after answer.
    [Ed. Note.—For other cases, see Interest, Cent. Dig. § 114; Dec. Dig. § 50.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On application for interpretation of opinion.
See, also, 206 Fed. 936.

John A. Carson, of Salem, Or., for plaintiffs.
Martin L. Pipes, of Portland, Or., for defendant.

WOLVERTON, District Judge. I am asked to interpret my decision in this cause respecting the decree to be entered.

The plaintiffs are entitled to recover from the defendant the amount of their judgment heretofore rendered against Julia A. Kennedy as administratrix, together with interest from the date of the judgment, namely, June 19, 1906, at the rate of 6 per cent. per annum, to the date of the decision rendered herein. The defendant is entitled to offset this judgment in the sum of $2,520, without interest.

[1] The situation is that the defendant sought to offset a nonbearing-interest demand against one which clearly bears interest from the date the judgment was rendered. The defendant ought not to complain that he has not been awarded interest, because it was by reason of his own wrongful acts that the plaintiffs were kept out of the possession of the hops.

[2] It is urged that interest ought not to be awarded on the judgment after the answer was tendered in the present suit, because the defendant declared his willingness to pay the difference then existing between the amount of the judgment and the defendant's claim. But the question whether there should be any offset at all was a vital one in the case, which was not determined until the case was finally disposed of. Furthermore, the answer alleges a tender, which was not proven, and there was no tender of the money in court.